IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MC2EXEC SEARCH INC**.<br>1582 River Road<br>New Hope, PA 18938<br><br>*Plaintiff,*<br><br>vs.<br><br>**DOWNING PARTNERS, LLC**<br>590 Madison Ave., 21st floor<br>New York, NY 10022<br><br>*Defendant.* | NO. _____<br><br>CIVIL ACTION<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, by and through undersigned counsel, hereby files the following Complaint against each Defendant.

### PRELIMINARY STATEMENT

1. Plaintiff brings this action against the Defendant for three breaches of written contract.

2. The Plaintiff was hired by the Defendant in its capacity as an executive search firm to find and place three high-level management personnel.

3. Plaintiff was successful in finding and placing these personnel.

4. Defendant however, despite benefiting from the placement and agreeing, in writing to pay for Plaintiff's services, has refused to pay.

### JURISDICTION and VENUE

5. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference as if the same were set forth at length.

6. The Court may properly maintain personal jurisdiction over the Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over them to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the Supreme Court of the United States in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

7. This Court has subject-matter jurisdiction over the within action pursuant to 28 U.S.C. § 1332, diversity of Citizenship and the amount in controversy which is in excess of the sum of $75,000, exclusive of interests and costs.

8. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b)(1) and 1391(b)(2) because the Plaintiff is located in and conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district (Plaintiff was hired to perform services by Defendant in the Eastern District of Pennsylvania).

**PARTIES**

9. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference as if the same were set forth at length.

10. Plaintiff, MC2Exec Search Inc., is a domestic Pennsylvania corporation with a principal place of business at the above-captioned address.

11. Plaintiff is a citizen of the Commonwealth of Pennsylvania.

12. Defendant, Downing Partners, LLC ("Downing"), is a limited liability company organized under the laws of a state other than the Commonwealth of Pennsylvania and has its principal place of business at 590 Madison Avenue, New York, NY 10022.

13. Downing is a citizen of the State of New York and a state other than the Commonwealth of Pennsylvania.

14. At all times relevant herein, Defendant acted or failed to act through its agents, servants and employees, each of whom was in the scope of their employment at all times relevant herein.

## FACTUAL BACKGROUND

15. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference as if the same were set forth at length.

16. On March 3, 2015, Defendant signed a contract with Plaintiff, hiring Plaintiff to assist it in 'identifying and recruiting qualified candidates for the President & General Manager position at Downing Partners, LLC.

17. Fees to the Plaintiff were based upon a percentage of the first year's cash compensation for the individual hired as a result of Plaintiff's efforts.

18. The terms of Plaintiff's contract and the basis of hire was agreed to by and through the signature of David W. Wagner, chairman and managing partner of Defendant.

19. The contract was signed by David W. Wagner, on behalf of Defendant on March 4, 2015.

20. Plaintiff was hired again, on precisely the same terms and conditions, pursuant to a second written contract executed on October 10, 2015.

21. Plaintiff was successful in identifying and placing, for the Defendant, a Vice President of Marketing, a Senior Vice President for Business Development and a President and General Manager.

22. Pursuant to the contracts, Defendant owes Plaintiff the sum of $50,000.00 for the placing of the Vice President, $53,750.00 for the placement of the Senior Vice President and $68,750.00 for the President and General Manager.

23. Defendant owes Plaintiff a total of you a $172,500 which it has refused to pay.

## COUNT I
### Breach of Contract or in the Alternative, Unjust Enrichment

24. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

25. As stated, Defendant entered to written contracts with Plaintiff for the placement of high-level personnel.

26. Defendant agreed to the terms of payment in writing, as evidenced in Exhibits 1 and 2.

27. Plaintiff successfully fulfilled all of its obligations, pursuant to the contracts.

28. Plaintiff continually requested payment for the fulfillment of the contract but Defendant has refused to pay any monies.

29. In the alternative pursuant to Fed.R.Civ.P. 8(d)(2), should the Court find the contracts at issue to be invalid, Plaintiff should nevertheless be permitted to recover on an unjust enrichment theory.

30. At all times relevant hereto, (1) Defendant was enriched, (2) at Plaintiff's expense, and (3) that it is against equity and good conscience to permit Defendant to retain the benefit of such enrichment.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment in its favor and against each Defendant for:

a) Compensatory damages to the extent available as a matter of law.

b) Incidental damages to the extent available as a matter of law.

c) Consequential damages to the extent available as a matter of law.

d) Punitive and/or treble damages to the extent available as a matter of law.

e) Costs of suit as available to the extent as a matter of law.

f) Attorneys' fees to the extent available as a matter of law.

g) Interest to the extent available as a matter of law.

h) Any and all statutory relief available under the claims referenced herein.

i) Any other relief this Court deems to be just and equitable.

j) Plaintiff demands trial by jury on all issues so triable pursuant to Fed.R.Civ.P. 38(b)(1).

Respectfully submitted,

KOLMAN ELY, P.C.

/s/ W. Charles Sipio
Timothy M. Kolman, Esq.
W. Charles Sipio, Esq.
414 Hulmeville Avenue
Penndel, PA 19047
(T) 215-750-3134 / (F) 215-750-3138
tkolman@kolmanlaw.net
wcsipio@kolmanlaw.net

*Attorney for Plaintiff*

Dated: April 16, 2018